CASE 52—PETITION ORDINARY—JANUARY 30.

# Bixler's adm'x vs. Parker, &c.

### APPEAL FROM ANDERSON CIRCUIT COURT.

1. A failure to make the motion to dismiss the appeal, because the record was not filed within the time prescribed by law, until after the case was submitted on final hearing, must be regarded as a waiver of the right.

2. The courts of this Commonwealth are required to take notice of private acts of the Legislature.

3. The marshal of Lawrenceburg having the power by law conferred on him to levy and collect the execution described in the petition, there could be no more necessity to allege that he had such power, in an action against him on his bond for a failure to do his duty, than there would be in an action against a sheriff on his bond for a like failure·

JOHN DRAFFIN,                                      For Appellant,

CITED—

*Session Acts* 1854, *page* 348 *of* 2*d vol.*

KAVANAUGH & HANKS,                                 For Appellees.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

A failure to make the motion to dismiss the appeal, because the record was not filed within the time prescribed by law, until after the case was submitted on final hearing, must be regarded as a waiver of the right.

By an act approved March 9th, 1854 (2 *vol. Sess. Acts,* 348), the powers of the marshal of the town of Lawrenceburg were extended over the county of Anderson, whereby he had the power, and it was his duty, to execute the writ of *fieri facias* named in the petition, as it is alleged the same was placed in his hands; and it is by

statute made the duty of the courts of this Common-wealth to take notice of private acts.

The marshal of Lawrenceburg having the power by law conferred on him to levy and collect the execution described in the petition, there could be no more necessity to allege that he had such power in an action against him on his bond for a failure to do his duty, than there would be in an action against a sheriff on his bond for a like failure. It is not contended that any fact material to constitute a cause of action against appellee, Parker, was omitted, except an averment that he had by law full power and authority to execute the writ, and as that, in the opinion of this court, was not necessary, it results that the demurrer to the petition was improperly sustained.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.