CHIEF JUSTICE PRYOR
delivered the opinion oe the court.
It is provided by subsection 1 of section 737 of the Civil Code, that “ The clerk of the court which renders a judgment shall copy the entire record, or parts thereof, according to the directions of the judge of the court, or of the parties to the appeal; and the filing of a schedule, as hereinafter authorized, shall be deemed a direction to copy the parts of the record therein mentioned.” In cases, for the settlement of trust-estates and estates of deceased persons, whether the appeal be granted by the inferior court or by the clerk of the Court of Appeals, the appellant must present to the judge of the inferior court his assignment of errors, and the judge, by an indorsement on the assignment of errors or writing annexed, is required to direct the clerk of the inferior court to copy such part of the record as in view of the alleged errors may be deemed material, and when this is done the appellant shall file the same with the clerk of the inferior court who shall then make out the record as directed by the judge for this court. (Subsection 2 of section 737.) When the appellees or any of them were only constructively summoned in the court below and did not appear in the action, and have not been actually summoned to answer the appeal, the appellant shall order the entire record. (Subsection 3 of section 737.) Subsection 4, section 737, provides that in all other cases in which the appeal is granted by the inferior court “The appellant within ninety days after the granting of the appeal, shall file in the office of the clerk of the inferior court his assignment of errors, and a schedule showing concisely what parts of the record he wishes to have copied. His failure to file said assignment and schedule within the time prescribed shall be cause for the dismissal of his appeal.”
The verdict in this case was returned af the. September term, of the Meade Circuit Court in the year 1877. A motion for a new trial was overruled at the same term, judg *310 ment rendered, and an appeal prayed to this court. On motion of the defendants (now appellants) time was given them until the fourth day of the next term to tender and file a statement of the evidence and bill of exceptions.
At the next term of the court in March, 1878, the defendants tendered their bill of exceptions which was filed on the next day, and an appeal again prayed to this court and granted. On March 17, 1878, defendants filed their schedule and assignment of errors, and on the 19th of April following the appellee filed his assignment of cross-errors.
The record having been filed in this court the appellee now moves to dismiss the appeal of appellants because they failed to file their assignment of errors and schedule within ninety days after the granting of the appeal. Section 734 of the Civil Code provides, that an .appeal “ shall be granted, as matter of right, to a party or privy against a party or privy, by the court rendering the judgment, on motion made during the term at which it is rendered, or thereafter by the clerk of the Court of Appeals, on application of either party or his privy, upon filing in the office of said clerk a copy of the judgment from which he appeals.”
It is manifest from this section of the Code that the court rendering the judgment had no power to grant an appeal after the expiration of the term at which the motion for a new trial was overruled and the judgment rendered, and therefore the order granting an appeal at the March term, 1878, was a nullity, the motion for' a new trial having been overruled and the judgment rendered at the September term, 1877.
By section 334, Civil Code, “ time may be given to prepare a bill of exceptions, but not beyond' a day in the succeeding term, to be fixed by the court.” This, however, does not operate to prevent the collection of the judgment by execution or stay any proceedings on the part of the judgment creditor for the purpose of enforcing his claim. The collection may be *311 prevented by a supersedeas, as was done in this case; but plaintiffs’ right to coerce payment is as complete as if no time had been given to prepare the bill of exceptions. The assignment of errors and schedule must be filed within ninety days from the granting of the appeal, and if the appellant or defendant below has placed it beyond his power to prosecute his appeal granted in the court below, he can abandon that appeal and obtain an appeal from the clerk of this court. A failure to prosecute the one does not bar his right to obtain the other.
Did the extension of time prevent the appellant from filing his schedule and assignment of errors? We think not. He may require the entire record to be copied, or he may order a part of it, including the bill of exceptions thereafter to be prepared; and then, alleging his errors, he has complied substantially with the requirements of the Code. The appellant is only required to file the transcript in the office of the clerk of the court at least twenty days before the first day of the second term of said court next after granting the appeal unless the court extend the time, as for cause shown, the court may do. This gives him ample time to have his bill of exceptions part of the record, and if not, he may apply to this court for an extension of time. It is insisted, however, that the filing of cross-errors is a waiver of appellee’s right to have the appeal dismissed. The assignment of cross-errors is a matter of right, and is made to depend on the fact alone that an appeal has been granted. No cross-appeal has been asked for or entered on the records of this court, and the assignment of cross-errors only placed the appellee in a condition to ask and obtain a cross - appeal. The only appeal this court can notice in this case is that granted at the September term, 1877, when the judgment was rendered. The order granting the appeal at the March term, 1878, is void. The appeal is therefore dismissed with damages.