CASE 83—MOTION—FEB. 4.

# Western Union Telegraph Co. v. Johnson.

### APPEAL FROM WARREN CIRCUIT COURT.

1. PRACTICE IN COURT OF APPEALS.—The time within which an ap-
pellant is required by section 738 of the Civil Code to file a tran-
script in the Court of Appeals where the appeal is granted by
the court rendering the judgment, must be computed from the
date of the order granting the appeal, and not from the date of
the filing of the bill of exceptions, although the lower court had
extended the time in which the bill of exceptions might be filed.

WRIGHT & McELROY FOR APPELLANT.

W. E. GARTH FOR APPELLEE.
 (No briefs on the motion in the record.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

As provided by section 734, Civil Code, "the mode of
bringing the judgment of an inferior court to the Court
of Appeals, for reversal or modification, shall be by ap-
peal, which shall be granted as a matter of right to a
party or privy against a party or parties by the court
rendering the judgment, on motion made during the
term at which it is rendered or thereafter by the clerk
of the Court of Appeals, on application of either party
or his privy upon filing in the office of said clerk a copy
of the judgment from which he appeals."

But section 738 provides that where an appeal has
been granted by the court rendering the judgment
"the appellant shall file the transcript in the office of
the clerk of the Court of Appeals at least twenty days
before the first day of the second term of said court

next after the granting of the appeal, unless the court extend the time, as, for cause shown, the court may do."

And section 740 provides that "if he fails to file the transcript within the time allowed by section 738, or by the court pursuant thereto, his appeal shall be dismissed."

The appeal granted in this case by the court rendering the judgment was, December 18, 1896, on motion of appellee, dismissed because the transcript was not filed within the time prescribed by section 738. And now the present motion is to set aside that order of dismissal upon the ground that at the time, which was during the June term, 1896, the judgment was rendered, and an appeal to the Court of Appeals granted, leave was given to appellant until the fifth day of the next term of the inferior court in which to present and file its bill of exceptions therein.

Section 334 does authorize the court rendering a judgment to give to the party objecting time to procure a bill of exceptions, not beyond a day in the succeeding term to be fixed by the court, but the time within which the appellant is required by section 738 to file the transcript can not be computed from the date of filing the bill of exceptions; but, as therein expressly provided, from the date of the order granting the appeal which, as prescribed by section 734, must be made, if at all, during the term at which the judgment is rendered. This court, therefore, had, according to the explicit requirement of section 740, no discretion but

to sustain the motion to dismiss the appeal made December 18, 1896.

Whatever seeming hardship there may be in enforcing these rules of practice can be avoided by the appellant applying to the Court of Appeals for an extension of the time of filing the transcript, which, for cause shown, may, as provided by section 738, be done.

The motion to set aside the order of December 18, 1896, is overruled.