# Nickell, &c. v. Citizens Bank of Kuttawa.

APPEAL FROM M'CRACKEN CIRCUIT COURT.
MOTION TO DISMISS APPEAL, DENIED.

APPEAL AND ERROR—ABANDONMENT OF APPEAL GRANTED BY LOWER COURT—WAIVER OF RIGHT TO DISMISSAL.

Held:   Where appellant abandons an appeal granted by the lower court because of his failure to file transcript in time, and procures a new appeal from the clerk, appellee is not entitled to have the abandoned appeal dismissed, with damages, where he delays to make his motion therefor until after the other appeal has been submitted.

JOHN K. HENDRICK, FOR APPELLANTS.

WHEELER & WORTEN, FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER.

Section 738, Civil Code of Practice, requires that the appellant shall file the transcript in the office of the clerk of this court at least twenty days before the first day of its second term next after the granting of the appeal, unless the court extend the time. This section applies both to ap-

peals granted by the clerk of this court and those granted bp inferior courts. Wearen v. Smith, 80 Ky., 218. In passing upon this question in Bixler's Adm'x v. Parker, 3 Bush, 166, the court said: "A failure to make the motion to dismiss the appeal because the record was not filed within the time prescribed by law until after the case was submitted on final hearing must be regarded as a waiver of the right." In this case the appeal was granted in the lower court. The appellants did not file the transcript within the time required by the Code, and thereupon they had the clerk of this court to grant the appeal. Without any motion to dismiss the first appeal, the case was submitted for final hearing, and while thus pending this motion to dismiss the appeal granted in the court below was made. Under the rule stated in the Bixler Case, had no appeal been granted by the clerk of this court, the appeal could not be dismissed, because the right to dismiss had been waived by submitting the case for final hearing.

It is insisted by counsel for appellee that under the doctrine of City of Bowling Green v. Elrod, 14 Bush, 216, it is entitled to have the first appeal dismissed. It does not appear whether the motion to dismiss in that case was before or after the case was submitted for final hearing. It was decided that if an appeal has been granted by the' lower court in proper time, and the appellant fails to comply with this Code, his appeal may be dismissed, and that, although this may be done, still he may, at any time within two years from the time he could have appealed, have an appeal granted by the clerk of this court; that a dismissal of the appeal granted in the court below does not bar the right to obtain an appeal from the clerk of this court. The question here presented was not involved in City of Bowling Green v. Elrod. Although the appeal was grant-

ed in this court, still, in order to dismiss the appeal granted in the court below, it was essential that the motion should be made in this court. It was just as essential that the motion should be made to dismiss after the clerk had granted the appeal as it would have been had no appeal been granted here. We are of the opinion that the appellee waived its right to have the appeal dismissed which was granted by the court below because the motion was not made until after the case was submitted for final hearing. The rule announced in the Bixler Case applies with equal force to a case like this. Upon the facts of the Bixler case, and also of this case, the sureties on the supersedeas bond are liable for damages. For the reasons given, the motion to dismiss the appeal in the court below is overruled.