CASE 47.—SUIT BY THE HOME BUILDING ASSOCIATION AGAINST BEN L. BRUNER, SECRETARY OF STATE, TO COMPEL HIM TO RECORD AMENDED ARTICLES OF INCORPORATION.—June 18, 1909.

## Home Bldg. Ass'n v. Bruner, Secy. of State

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

Corporations—Corporate Existence—Extension.—While under Ky. St. 1909, Secs. 570, 574, authorizing a corporation formed under prior statutes to avail itself of the provisions of the act, by filing its acceptance of the provisions of the constitution with the Secretary of State, and authorizing the amendment of its articles in the same manner as by corporations organized under the act and section 559, authorizing any corporation, by the written consent of the owners

of two-thirds of its capital stock, to amend its articles of incorporation, a corporation could amend its articles of incorporation during its corporate life under section 561, providing that, when any corporation expires by the terms of its articles of incorporation, it may thereafter be continued only for the purpose of closing its business, it could not amend its articles after the term of its incorporation had expired, so as to extend its corporate life.

HERBERT JACKSON for appellant.

The only question involved is can a corporation extend its corporate life without paying the same tax that a new corporation must pay?

### AUTHORITIES CITED.

Acts 1906, p. 208; Secs. 559, 574, 4225 Ky. Stats.; Franklin County Court v. Deposits Bank of Frankfort, 87 Ky. p. 370; Deposit Bank of Owensboro v. Davies County, &c., 102 Ky. 212; Senn, &c. v. Levy, 111 Ky. p. 318; Cincinnati Cooperage Co. v. Bate, 96 Ky., 356; Commonwealth v. Licking Valley B. A., 118 Ky. 791, 798.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

### AUTHORITIES.

Sec. 1, Art 13, Chap. 22, Acts 1906; Sec. 561, Kentucky Statutes; Senn v. Levy, 111 Ky. 318; Commonwealth v. Bldg. Ass'n, 118 Ky., 799; Vance v. Layne, 26 Rep. 620; Sections 574 and 559, Kentucky Statutes; Franklin County Court v. Deposit Bank of Frankfort, 87 Ky. 370; Deposit Bank of Owensboro v. Daviess Co., 102 Ky. 212; Commonwealth v. Licking Valley Building Association, 118 Ky., 791; Section 4225, Kentucky Statutes.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Home Building Association is a corporation created under chapter 56, General Statutes 1873, on May 3, 1880, under articles filed in the county clerk's office of Kenton county. By the terms of the articles of incorporation, its corporate life was to extend for 25 years, or until May 3, 1905. On January 16, 1908,

it filed in the county clerk's office of Kenton county an amendment to its articles of incorporation as directed in writing by more than three-fourths of its stockholders, extending its corporate life for 25 years from May 3, 1905. A certified copy of the amended articles was delivered to the Secretary of State, who refused to record the amendment, unless the corporation paid into the treasury of the state a tax of one-tenth of one per cent. upon its capital stock. It refused to pay the tax, and thereupon brought this suit against the Secretary of State to obtain a mandatory injunction requiring him to record the amended articles of incorporation. The Secretary of State demurred to the petition. His demurrer was sustained by the court, and, the plaintiff failing to plead further the petition was dismissed, and the association appeals.

By sections 570, 574, Ky. St. 1909, it is in effect provided that any corporation formed before the passage of the present statutes may avail itself of the provisions of the act by filing in the office of the Secretary of State a resolution adopted by its board of directors accepting the provisions of the Constitution of the state, and that the articles of such corporation may be amended in the manner provided for the amendment of the articles of incorporation of corporations organized under the act. Section 559 provides that any corporation may by consent in writing of the owners of at least two-thirds of its capital stock change or amend any of its articles of incorporation. It would follow from these provisions of the statute that the Home Building Association might amend its articles of incorporation in the manner provided by the statute during its life as a corporation. But section 561 (section 2147) provides that, when any corporation expires by the terms of its articles of incor-

poration, it may be thereafter continued to act for the purpose of closing up its business, but for no other purpose. The corporate life of the Home Building Association expired on May 3, 1905. After that date, by the mandate of the statute, it could continue to act for the purpose of closing up its business, but for no other purpose. The proposed amendment was not made until January 16, 1908, or nearly three years after the corporation expired by the terms of the articles of incorporation. When the corporate life of the corporation was ended, there was nothing to extend. Here it was proposed nearly three years after the corporate life of the association had expired to revivify the dead body, and to make that relate back some two years and eight months. In other words, the association for two years and eight months had only existed for the purpose of winding up its business, and, after this length of time, it was proposed to revivify it and make it a live corporation for the two years and eight months during which it had not been such.

The law gives a certain length of time for the filing of records in this court, and provides that the time may be extended by the court, but under this provision it has uniformly been held that when the time has expired, there is nothing to extend, and that the appeal must be dismissed. Hernstein v. Depue, 65 S. W. 805, 23 Ky. Law Rep. 1498; Langhorn v. Wiley, 120 Ky. 511, 87 S. W. 266, 27 Ky. Law Rep. 908. So, when the articles of a corporation have expired, it is too late to adopt an amendment extending the life of a corporation; for, the corporation having expired, this is in effect to create a new corporation. No other question is decided.

Judgment affirmed.