CASE 45—ACTION BETWEEN OTTOE ROEMELE AND FER-
DINAND SCHMIDT ON MOTION TO DISMISS AN
APPEAL GRANTED IN THE LOWER COURT.—May
12, 1910.

## Roemele v. Schmidt.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Third Division).

WALTER P. LINCOLN, Judge.

Motion overruled.

Appeal and Error—Time for Appeal.—More than 60 days having
elapsed since a motion for a new trial was overruled in a cir-
cuit court of continuous session, the court was without au-
thority to grant an appeal, and its order therefor was a nulli-
ty, as by Civ. Code, Prac. section 734, it could grant an appeal
as matter of right only on motion made during the term,
and by Ky. St. section 1042, 60 days constituted a term of
such court.

BENJ. F. GARDNER for appellant.

EDELEN & DAVIS and O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—

The appellee has entered a motion in this case to
dismiss the appeal granted by the court below be-
cause of the failure of the appellant to file the tran-
script within the time prescribed by law. It is true
the trial court granted what on its face purports to be
an appeal; but at the time the order was entered the
court had lost jurisdiction to entertain it. Section 734
of the Civil Code of Practice provides that an ap-
peal shall be granted, as a matter of right, by the

court rendering the judgment, on motion made during the term at which it is rendered, or thereafter by the clerk of this court. The Jefferson circuit court is one of continuous session, and 60 days, therefore, constitutes a term. Section 1042, Ky. St. After the expiration of 60 days from the time the motion for a new trial is overruled, the lower court is without authority to grant an appeal. In this case the motion for a new trial was overruled on the 10th day of August, 1909. The appeal was granted by the lower court November 1, 1909. More than 60 days having elapsed since the motion for a new trial was overruled, the order granting the appeal was a nullity, and there is, therefore, no appeal pending in this court. American Accident Company of Louisville v. Reigart, 92 Ky. 142, 17 S. W. 280, 13 Ky. Law Rep. 442; Wright v. Woolfolk, 14 Bush, 308; City of Bowling Green v. Elrod, Id. 216.

There is no reason why the appellee may not proceed to collect his judgment, as both the order granting the appeal and supersedeas issued are ineffectual to stop him.

The motion to enter an order of dismissal overruled.