## Security Life Insurance Company of America v. Duncan's Administrator.

(Decided September 26, 1917.)

### Appeal from Daviess Circuit Court.

1. Appeal and Error—Filing of Transcript—Dismissal.—The provisions of section 738, Civil Code, are mandatory, and an appeal

granted by the lower court will, on motion of the appellee, be dismissed, where the transcript is not filed in the office of the Clerk of the Court of Appeals at least twenty days before the first day of the second term of that court after the granting of the appeal, and no extension of time for filing the transcript has been granted by the Court of Appeals.

2. Appeal and Error—Order Granting Appeal—Presumption.—While it is essential to the validity of a judgment that it be entered upon the order book of the court and signed by the judge, and an unsigned judgment is no judgment at all; where the record is silent as to when an order granting an appeal was signed by the judge of the circuit court, the presumption will be indulged that the order was signed on the date of its entry.

C. W. WELLS and T. W. BALL for appellant.

LOUIS I. IGLEHEART and FOREST A. ROBY for appellee.

OPINION BY CHIEF JUSTICE SETTLE—Dismissing appeal.

This case is submitted on appellee's motion to dismiss the appeal, discharge the supersedeas and award him damages. The appeal was granted in the court below and the motion is based on the ground that the transcript of the record was not filed in the office of the clerk of the Court of Appeals, twenty days before the first day of the second term of the Court of Appeals, next after the granting of the appeal, as required by section 738, Civil Code.

It appears from the record that the judgment, which is for $1,000.00, was recovered December 20, 1916; that on December 22, 1916, the appellant filed his motion and grounds for a new trial; that the motion was overruled January 1, 1917, and that the appeal was, at that time and on that day, granted. The first term of the Court of Appeals next after the granting of the appeal was the January term, 1917, which began the first Monday in January, viz., January 2, 1917, the day following the granting of the appeal by the circuit court. The second term of the Court of Appeals next after the granting of the appeal began the second Monday in April, which was the 9th day of the month. Instead of filing the transcript of the record in the office of the clerk of the Court of Appeals twenty days before the first day of the April term, 1917, appellant did not file it therein until August 27, 1917; hence, it would seem there was a failure to file it as required by section 738, Civil Code. It is, however, insisted for appellant that although the appeal was

granted by the circuit court January 1, 1917, and the order granting it entered that day, the order was not in fact signed by the judge of the court until the following day, January 2, 1917; hence, it had no validity on January 1st, the day it was actually entered, but became a valid order only when signed by the judge, January 2nd. From this premise it is argued that the appeal must be treated as having been granted as of January 2nd; and that as the January term, 1917, of the Court of Appeals began January 2nd, it cannot. be regarded as the first term of that court beginning after the granting of the appeal, but that the succeeding April term of the Court of Appeals was the first term of that court after the granting of the appeal, and the September term, 1917, its second term next after the granting of the appeal; therefore, the filing of the transcript in the office of the clerk of the Court of Appeals August 27, 1917, more than twenty days before the first day of the September term, 1917, perfected the appeal.

Appellant's contention that the order granting the appeal could have no legal effect until signed by the judge of the circuit court is undoubtedly sound, for we so held as to a similar contention in Interstate Petroleum Co. v. Farris, 159 Ky. 820, and the several cases therein cited, but the contention presents no defense to the motion to dismiss the appeal here made by appellee, as the record fails to show that the order granting the appeal was signed January 2, 1917, as claimed by appellant. It does, however, show that appellant's motion for a new trial was overruled, the appeal granted and that the order manifesting these facts was entered January 1, 1917, and in the absence of proof to the contrary, appearing in the record, the presumption must be indulged that the order was signed by the judge of the court upon the day it was entered.

We are, therefore, constrained to hold that the filing of the transcript in the office of the clerk of the Court of Appeals August 27, 1917, was not a compliance with section 738, Civil Code. The transcript should have been filed twenty days before the first day of the April term, 1917, of the Court of Appeals, which was the second term of the court next after the granting of the appeal. The provisions of section 738, Civil Code, are mandatory, and an appeal granted by the lower court will, on motion of the appellee, be dismissed where the transcript is not filed in the office of the clerk of the Court of Appeals

at least twenty days before the first day of the second term after the granting of the appeal and no extension of time for filing the transcript has been granted by the Court of Appeals.  Edelson v. Edelson, 173 Ky. 252; Western Union Telegraph Co. v. Johnson, 100 Ky. 589; Langhorne v. Wiley, 87 Ky. 266; Sandy River v. Caudell, 108 Ky. 197; Beavens v. Boyne, 111 Ky. 603; L. & N. R. R. Co. v. Lucas, 120 Ky. 359.  There was, in this case, no extension of time for filing the transcript asked by the appellant or granted by the Court of Appeals.

For the reasons indicated appellee's motion to dismiss the appeal and discharge the supersedeas is sustained and the appeal dismissed with damages.