## Calvert v. Wilder, Treasurer, et al.

(Decided March 22, 1918.)

### Appeal from Whitley Circuit Court.

1.  Appeal and Error—Amount in Controversy—Filing of Transcript.— Where the judgment recovered in the circuit court is in amount as much as $500.00 or more, the unsuccessful party is entitled to an appeal as a matter of right, and, if prayed, must be granted by the circuit court. But if the appellant fail to file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of that court next after the granting of the appeal, unless the Court of Appeals extends the time for the filing thereof, as for cause shown it may do, the appeal, upon motion of the appellee, will be dismissed, and the latter awarded ten per cent damages upon the amount of the judgment superseded.

2.  Appeal and Error—Supersedeas Bond—Dismissal—Damages.—If, in taking an appeal from a judgment of the circuit court to the Court of Appeals, the appellant would stay proceedings on the judgment pending the appeal, he must execute a supersedeas bond with approved security to be given before and accepted by the clerk of the circuit court. If, however, the appellant should wish to supersede only a part of the judgment, he may do so, and the bond varied so as to secure the part superseded, in which event the supersedeas issuea would only stay proceedings on that part of the judgment superseded. In such state of case upon the dismissal of the appeal for failure to file the transcript in the office of the clerk of the Court of Appeals, as stated in the first para-

graph, the appellee will be awarded damages on only that part of the judgment superseded.

M. A. GRAY for appellant.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Overruling motion to set aside order awarding damages.

This case is before us upon the appellant's motion to set aside so much of the order dismissing the appeal as awarded appellee ten per cent. damages on that part of the judgment of the circuit court superseded by him. It is claimed by the appellant that the amount in controversy was less than $500.00, which deprived the Court of Appeals of the power to award damages upon the dismissal of the appeal.

In Childers, et al v. Ratliff, et al, 164 Ky. 123, we held, that as under the act of March 17th, 1914 (Kentucky Statutes, section 950) and rule 20 of the Court of Appeals, regulating appeals to that court, an appeal from a money judgment amounting to as much as $200.00, inclusive of interest and costs, and less than $500.00, must be granted by the Court of Appeals, the judgment can be superseded only by executing a supersedeas bond before the clerk of that court; and further, that as a circuit court is without jurisdiction to grant an appeal from a judgment for as much as $200.00 and less than $500.00, a bond taken thereunder, for the purpose of superseding the judgment, by the clerk of the circuit court is void.

Obviously, if a supersedeas bond taken by the clerk of the circuit court, where that court was without jurisdiction to grant the appeal, would be void, it would necessarily follow that the Court of Appeals in dismissing the appeal would be without power to award damages upon the amount of the judgment superseded by such bond. L. & N. R. R. Co. v. Smith's Admr., 178 Ky. 681. But we find from the record in this case that the appellant is in error in his contention that the amount in controversy on the appeal was less than $500.00. The judgment rendered against him in the lower court was for $5,308.83, with six per cent. interest thereon from May 27th, 1916, until paid, and the costs of the action; the recovery being for money with which

he was chargeable as former treasurer of the Corbin graded school district. The judgment also directed him to make a settlement of his accounts, as former treasurer, with the appellee, the present treasurer of the district, and to turn over to the latter the books and all moneys and property belonging to the district within thirty days after the entry of the judgment; the judgment closes as follows:

"To all of which the defendant (appellant) objects and excepts and prays an appeal to the Kentucky Court of Appeals, which is granted."

It will thus be seen that the appeal prayed for and granted by the circuit court was from the judgment as a whole. It is true, however, that only that part of the judgment allowing six per cent interest upon the $5,308.83 from May 27th, 1916, until paid, was superseded by the bond executed before the clerk of the circuit court by appellant. But this does not alter the fact that the appeal prayed and granted in the circuit court was from the judgment of that court in its entirety, including the recovery of $5,308.83; nor did the fact that the judgment was only superseded in part, prevent the prosecution of the appeal from that part of it not superseded. The only effect of the supersedeas bond was to stay the enforcement of so much of the judgment as was superseded.

No appeal was prayed in the Court of Appeals. The only appeal was that granted by the circuit court from the judgment as a whole, which was dismissed, on the appellee's motion, by the Court of Appeals, because of the failure of the appellant to file, as required by Civil Code, section 738, the transcript in the office of the clerk of the Court of Appeals twenty days before the first day of the second term of that court next after the granting of the appeal. Indeed, it is admitted that the transcript was never filed in the office of the clerk of the Court of Appeals. Appellee's motion to dismiss the appeal, and for damages on the amount of the judgment superseded, was entered in this court after due notice to the appellant, upon written grounds accompanied by a certified copy of the judgment of the circuit court appealed from, also of the supersedeas bond and supersedeas. The motion was sustained and the appeal dismissed with damages, February 12th, 1918.

Civil Code, section 751, provides:

"The supersedeas may be issued to stay proceedings on a part of a judgment, and in such case the bond shall be varied so as to secure the part superseded."

Section 764, provides:

"Upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in chapter 2 of this title, ten per cent. damages on the amount superseded shall be awarded against the appellant."

The appeal granted by the circuit court being from the judgment as a whole the appellant had the right to supersede such part of the judgment as he saw proper and the clerk of that court had authority to take the bond executed by him.

The damages in this case were only awarded upon that part of the judgment superseded and to this the appellee was clearly entitled.

For the reasons indicated, the motion of the appellant to set aside so much of the order dismissing the appeal as awarded ten per cent. damages upon the amount of the judgment superseded, is overruled.