### City of Ashland v. Stewart, Trustee, etc., et al.

(Decided May 21, 1926.)

Appeal from Boyd Circuit Court.

1. Costs.—Appellee may enter motion for 10 per cent. damages on supersedeas bond at any time after affirmance and before mandate is due.

2. Costs—Appellees are Not Entitled to Judgment for Damages on Supersedeas Bond Unless Clerk Before Whom it was Executed had Right to Take at Time He did so.—In order to entitle appellee to judgment for damages on supersedeas bond after affirmance, it must be one that clerk before whom it was executed had right to take at time he did so

3. Costs—Appellee Held Not Entitled to Damages on Supersedeas Bond Executed Before Clerk of Trial Court, After Time for Prosecuting Appeal Under Order Granting it had Expired (Civil Code of Practice, Section 738.—Appellees held not entitled to damages on supersedeas bond executed before clerk of trial court, after time stipulated in Civil Code of Practice, section 738, for prosecuting appeal under order granting it had expired; such bond being invalid for any purpose.

JOHN T. DIEDERICH for appellant.

J. F. STEWART and W. D. O'NEAL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Overruling motion to award damages.

Appellees recovered judgment in the Boyd circuit
court on December 15, 1923, against appellant, city of
Ashland for $1,331.71, with interest from July 24, 1919,
and costs, to which it objected and excepted and prayed
an appeal to this court, which was granted. On June 24,
1924, it superseded the judgment, and on the same day
the clerk of the Boyd circuit court issued a supersedeas
thereon. The transcript of the record, including a copy
of the judgment, was filed in this court by the city on
December 12, 1925, and an appeal was granted by the
clerk of this court, but no supersedeas bond was ever ex-
ecuted before the clerk of this court. The case being duly
submitted, the judgment against the city was affirmed on
April 20, 1926, and appellees have entered motion for
10% damages thereon, which may be done at any time
after affirmance and before mandate is due. C. & O. Rail-
road Company v. Kelley's Admrx., 161 Ky. 660. But in
order to entitle appellees to a judgment for damages on
the supersedeas bond it must be one that the clerk before
whom it was executed had the right to take at the time
he did so. The right to prosecute the appeal granted by
the trial court expired in this case twenty days before the
convening of the April, 1924, term of this court. Section
738 of the Civil Code and cases cited in the notes thereto.
Both at the time the clerk of the Boyd circuit court took
the bond and issued the supersedeas thereon, and at the
time of the filing of the transcript in this court, the right
to prosecute the appeal on the order granting it by the
trial court had long since expired and the only appeal
that could thereafter be granted was one by the clerk of
this court, which practice was adopted and pursued in
this case.

The time for the prosecution of the appeal under the
order granting it by the trial court having expired at the
time the bond was taken by the clerk of that court, it was
invalid for any purpose and did not operate to stay pro-
ceedings on the judgment. When the time to prosecute
that appeal expired and no appeal had been taken the
situation was the same as if none had been granted, and
a bond thereafter taken by the clerk of the trial court
could have no greater effect than one taken by him when
no appeal was granted by the trial court. See cases of
City of Louisville v. Muldoon, 19 K. L. R. 1386; Torbitt

and Castleman v. Middlesboro Grocery Co., 147 Ky. 343, and L. & N. Railroad Company v. Smith's Admr., 178 Ky. 681, in which we held that a bond so taken was invalid.

It is, therefore, manifest that appellees are not entitled to damages in this case, because of the execution of the supersedeas bond before the Boyd circuit court on June 24, 1924, since the right to prosecute the appeal under the order of the trial court granting it did not then exist, and the judgment not being superseded before the clerk of this court, who did grant the appeal that was actually prosecuted, there is no supersedeas upon which damages could be assessed.

Wherefore, the motion for the assessment of damages is overruled.