### Henry Wermeling v. Margaret Wermeling.

(Decided December 10, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.    Witnesses—Wife's Testimony Against Husband is Incompetent on Issue of Abandonment, but Competent on that of Cruel Treatment (Civil Code of Practice, Section 606, as Amended by Acts

1912, c. 104).—Wife's testimony against husband is incompetent on issue of abandonment, but competent on issue of cruel and inhuman treatment, under Civil Code of Practice, section 606, as amended by Acts 1912, c. 104.

2.   Divorce—Evidence of Treatment Endangering Health or Rendering Cohabitation Intolerable May Warrant Divorce, Without Proof of Personal Violence.—Cruel and inhuman treatment, authorizing divorce, is not confined to acts of personal violence, but may be established by evidence of such treatment in other ways as endangers health, or otherwise brings about situation rendering cohabitation intolerable.

3.   Divorce—Divorce for Cruelty Held Sustained by Evidence (Ky. Stats., Section 2121).—Evidence held sufficient to sustain chancellor's judgment granting wife a divorce from bed and board on ground of cruel and inhuman treatment, under Ky. Stats., section 2121.

FRANK A. ROPKE and ARMSTRONG & ROPKE for appellant.

W. T. McNALLY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant and appellee were married in 1921.   They had each been married and divorced previously.

In this action for divorce from bed and board and alimony by the wife she alleges abandonment and cruel and inhuman treatment as grounds.   These allegations being put in issue, and the evidence taken, the chancellor adjudged the relief sought by the plaintiff, and allowed her $500.00 in alimony and $50.00 attorney's fee, from which judgment the defendant appeals.

The evidence shows the plaintiff to have been a very nervous and sickly woman; that she was subject at times to violent spells of indigestion, and notwithstanding this fact she was, during their married life, compelled to work because defendant would not furnish her money with which to buy clothes and other necessities.   The plaintiff's evidence is that defendant accused his wife during their married life of being a prostitute and sustaining illicit relations with other men; that he was jealous and unduly suspicious of her, and would never permit her to leave home unless he or his mother accompanied her; that he accused his wife of trying to poison him, and that finally in July, 1924, while she was sick in bed he left her at home alone, without money or food, and never returned.

These things are chiefly shown by the testimony of the wife, and it is earnestly insisted that this evidence bears only upon the question of abandonment and is therefore incompetent. It is admitted that under the provisions of the code evidence by the wife bearing upon the charge of cruel and inhuman treatment is competent under the amendment of 1912 to section 606 of the Civil Code.

On the issue of abandonment obviously the evidence of the wife was not competent, but on the issue of cruel and inhuman treatment, if it bore upon that issue or tended to establish that cause of action, it was competent for such purposes. Hayden v. Hayden, 167 Ky. 569.

The cruel and inhuman treatment provided by the statute as ground for divorce is not confined to acts of personal violence, but may be established by evidence showing such treatment in other ways as endangers health or otherwise brings about such a situation as renders cohabitation intolerable. This rule is applied even in cases seeking absolute divorce. Hooe v. Hooe, 122 Ky. 590; McClintock v. McClintock, 147 Ky. 409; Purcell v. Purcell, 197 Ky. 626; Riggins v. Riggins, 191 Ky. 22.

In this case the evidence showing the defendant's cruel charge against the chastity of his wife, his telling her to go to a lawyer and arrange for a divorce, and that if she didn't he would, his leaving her sick in bed at home without anything to eat, his requiring or at least making it necessary for her to work for wages when he knew that the state of her health was such that it was dangerous to her, taken in connection with the evidence indicating that he caused or encouraged his mother after the separation, but before this suit was brought, to institute forcible detainer proceedings to put the plaintiff, then ill, out of the house owned by his mother, which was done, must be held to substantiate in a large measure the charge of cruel and inhuman treatment in this action for a divorce from bed and board.

Under section 2121, Ky. Stats., the chancellor is authorized to enter a judgment for separation or divorce from bed and board for any of the causes which allow divorce, or ''for such other cause as the court in its discretion may deem sufficient;'' and it has been held that the chancellor may in his discretion grant a separation or

enter a judgment for divorce from bed and board for less cause than would justify the entry of a judgment for divorce *a vinculo.* McClintock v. McClintock, 147 Ky. 409; Ramsey v. Ramsey, 162 Ky. 751; Zumbiel v. Zumbiel, 113 Ky. 841.

Giving proper weight to the chancellor's finding on the issue of cruel and inhuman treatment, we find no reason to disturb the judgment, and the same is affirmed.

Judge Dietzman not sitting.