[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 109 
Dismissing appeal.
The motions submitted in this case raise questions of appellate practice upon which we have concluded to review our decisions and restate the principles deducible therefrom.
On May 9, 1925, Margaret Wermeling recovered in the Jefferson circuit court a judgment far money against Henry Wermeling. An appeal to this court was granted by the lower court on May 28, 1925, and a supersedeas bond was executed before the clerk on the same date and supersedeas issued.
A transcript of the record was filed in this court on September 21, 1925, but instead of prosecuting the appeal granted by the circuit court, as he might have done, the appellant then sought and was granted an appeal by the clerk of this court. The latter appeal was submitted on January 6, 1926, and the judgment was thereafter affirmed. Wermeling v. Wermeling, 217 Ky. 126, 288 S.W. 1050.
The appellee, on February 3, 1928, entered a motion in this court to dismiss the appeal granted by the lower court, and abandoned by the appellant. The motion was overruled on the authority of Nickell v. Citizens' Bank of Kuttawa, 109 Ky. 641,60 S.W. 408, 22 Ky. Law Rep. 1257. Thereafter, during the same term of this court, a motion was made to dismiss the appeal granted by the clerk of this court in which the judgment of affirmance was entered, and upon consideration thereof the court denied the motion, but then set aside its previous order *Page 110 
overruling the motion to dismiss the appeal granted by the circuit court, and dismissed that appeal with damages. The court also directed that this opinion be prepared.
It is provided by section 734 of the Civil Code that an appeal shall be granted as a matter of right to a party or privy against a party or privy by the court rendering the judgment, on motion made during the term at which it is rendered, or thereafter, by the clerk of the Court of Appeals, on application of either party or his privy, upon filing in the office of the clerk a copy of the judgment from which he appeals. By section 1014, Kentucky Statutes, courts of continuous sessions are authorized to grant appeals within 60 days after the judgment. Appellant is required by section 739 of the Code to file a statement of the facts there indicated.
When a motion for a new trial is filed within the time allowed by section 342 of the Civil Code, the judgment is suspended. Louisville R. L. Co. v. Kerr, 78 Ky. 12; Harper v. Harper, 10 Bush, 447; Turner v. Johnson, 35 S.W. 923, 18 Ky. Law Rep. 202; Miller, Appellate Practice, section 53.
It is therefore held that the circuit court may grant an appeal on motion at the term of court at which the judgment becomes final by the denial of motion for a new trial, and, in courts of continuous session, within 60 days thereafter. Wright v. Woolfolk, 14 Bush, 308; Roemele v. Schmidt, 138 Ky. 336,128 S.W. 65; Louisville Chemical Works v. Com., 8 Bush, 179; American Accident Co. v. Reigart, 92 Ky. 142, 17 S.W. 280, 13 Ky. Law Rep. 442; City of Louisville v. Muldoon, 43 S.W. 876, 19 Ky. Law Rep. 1386.
During the term of court at which a judgment is rendered, or the motion for a new trial is overruled, the power of the circuit court to grant an appeal is exclusive, and until that term or time expires, no appeal can be granted by the clerk of this court. Kelly v. Toney, 95 Ky. 338, 25 S.W. 264, 15 Ky. Law Rep. 718; Schmidt v. Mitchell, 95 Ky. 344, 25 S.W. 278, 15 Ky. Law Rep. 768; American Accident Co. v. Reigart, 92 Ky. 142,17 S.W. 280, 13 Ky. Law Rep. 442; City of Newport v. Newport Gaslight Co., 92 Ky. 445, 17 S.W. 435, 13 Ky. Law Rep. 532.
But after the expiration of the term of the circuit court at which the judgment was rendered, or became *Page 111 
final, the exclusive right to grant an appeal rests with the clerk of the Court of Appeals. Authorities, supra, Wearen v. Smith, 80 Ky. 216.
If the circuit court attempts to grant an appeal after the term when the judgment became final, the act is a nullity and a supersedeas bond executed before the circuit clerk upon such a void order is likewise a nullity and may be disregarded. City of Bowling Green v. Elrod, 14 Bush, 217; Dougherty v. Central Trust Co. Ex., 155 Ky. 380, 159 S.W. 777; Wright v. Woolfolk, 14 Bush, 310; Roemele v. Schmidt, 138 Ky. 336, 128 S.W. 65; Louisville N. R. Co. v. Smith's Adm'r, 178 Ky. 681,199 S.W. 805.
When an appeal has been granted by the court rendering the judgment within the time allowed by section 734 of the Code, or section 1014, Ky. Stats., as construed in the cases cited, a supersedeas bond may be executed before the clerk of that court at any time before the expiration of the limit fixed by section 738 of the Civil Code for filing the transcript in this court. Civil Code, sec. 748. But a bond executed before the appeal is granted, or after the time fixed for filing the transcript by section 738 of the Code has expired is void. Wilson v. Hite,154 Ky. 61, 157 S.W. 41; Roemele v. Schmidt, 138 Ky. 336,128 S.W. 65; City of Ashland v. Stewart, 214 Ky. 682,283 S.W. 1012; Louisville N. R. Co. v. Smith's Adm'r, 178 Ky. 681,199 S.W. 805.
The execution of the supersedeas bond, and issual of the supersedeas, suspends all rights under the judgment until the appeal is disposed of by the action of this court. Weber v. Tanner, 64 S.W. 741, 23 Ky. Law Rep. 1107; Townsend v. Gorin,144 Ky. 671, 139 S.W. 865; Thompson v. Haden, 177 Ky. 841,198 S.W. 231; Fuson v. Lambdin, 64 S.W. 448, 23 Ky. Law Rep. 840.
After an appeal has been properly granted, whether by the lower court or by the clerk of this court, the appellant must file the transcript of the record in the office of the clerk of this court at least 20 days before the first day of the second term of the Court of Appeals next after the granting of the appeal, unless the Court of Appeals extends the time, as it may do for cause shown. Civil Code, sec. 738.
Under this section of the Code it is incumbent on the appellant to file the transcript within the time fixed, or obtain within that time, an extension for that purpose. Unless the time is extended by this court, the transcript *Page 112 
cannot be filed after the time expires, nor can this court then make an extension of time. Sandy River Cannel-Coal Co. v. Caudell, 108 Ky. 197, 56 S.W. 18, 21 Ky. Law Rep. 1647; Hernstein v. Depue, 65 S.W. 805, 23 Ky. Law Rep. 1498; Langhorn v. Wiley, 120 Ky. 511, 87 S.W. 266, 27 Ky. Law Rep. 908; Williamson v. Maynard, 135 Ky. 29, 121 S.W. 967; Willis v. Witt (Ky.) 124 S.W. 362; Hays v. Jenkins, 190 Ky. 518,227 S.W. 797; Kudelle v. Vizzard Inv. Co., 194 Ky. 604,240 S.W. 54; Security Life Ins. Co. v. Duncan, 176 Ky. 724,197 S.W. 539.
Section 740 of the Civil Code provides:
 "No appeal shall be docketed by the clerk until the appellant complies with the provisions of section 739, and if he fail to file the transcript within the time allowed by section 738, or by the court pursuant thereto, his appeal shall be dismissed."
This direction of the Code is mandatory. Kudelle v. Vizzard Inv. Co., 194 Ky. 604, 240 S.W. 54; Western Union Tel. Co. v. Johnson, 100 Ky. 589, 38 S.W. 1043, 18 Ky. Law Rep. 982; Home Building Ass'n v. Bruner, 134 Ky. 361, 120 S.W. 306; Edleson v. Edleson, 173 Ky. 252, 190 S.W. 1083; McCallister v. Stanley, 186 Ky. 836, 218 S.W. 237; Proctor v. Louisville N. R. R. Co., 192 Ky. 330, 233 S.W. 736; Calvert v. Wilder,180 Ky. 97, 201 S.W. 449.
By section 764 of the Civil Code 10 per cent. damages is awarded against the appellant upon the affirmance or the dismissal of an appeal from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided by chapter 2, which embraces section 747 to 752, both inclusive, of the Civil Code. The damages thus allowed are awarded upon or after the filing of the mandate of this court in the circuit court, and may be awarded on repeated appeals from the same judgment. Hodges v. Holeman, 5 Dana, 136; Cunningham v. Clay, 132 Ky. 129, 116 S.W. 299; Louisville N. R. Co. v. Melton, 146 Ky. 242, 142 S.W. 382; Tenn. R. Co. v. Reeves, 147 Ky. 305, 143 S.W. 995; United States Fidelity 
Guaranty Co. v. Citizens' Natl. Bank, 147 Ky. 810,145 S.W. 750; Miller's Appellate Practice, section 124.
If the appellant does not file the transcript, or obtain an extension of time for that purpose, within the period fixed by section 738 of the Civil Code, his appeal will be *Page 113 
dismissed with damages in cases where supersedeas has issued. Blalock v. Atwood, 148 Ky. 828, 147 S.W. 748; Tenn. Cent. R. Co. v. Reeves, 143 Ky. 467, 136 S.W. 870; Hays v. Jenkins,190 Ky. 518, 227 S.W. 797; Chesapeake O. Ry. Co. v. Kelly's Adm'x, 161 Ky. 660, 171 S.W. 182; Wadsworth Stone P. Co. v Whalin, 143 Ky. 140, 136 S.W. 149; Id., 143 Ky. 357,136 S.W. 624; Reed v. Lander, 5 Bush, 598.
But if the appeal was granted without authority, or the supersedeas bond was executed when no right existed to take it, no damages can be allowed. Louisville N. R. Co. v. Smith's Adm'r, 178 Ky. 681, 199 S.W. 805; Asher v. Cornett, 126 Ky. 569, 104 S.W. 347, 31 Ky. Law Rep. 957; Turner v. Wickliffe,146 Ky. 776, 143 S.W. 406; Torbitt, etc., v. Middlesboro Groc. Co., 147 Ky. 343, 144 S.W. 16; City of Ashland v. Stewart,214 Ky. 682, 283 S.W. 1012; Childers v. Ratliff, 164 Ky. 123,175 S.W. 25.
A failure to make a motion to dismiss the appeal because the record was not filed within the time prescribed by law until after the case has been submitted on final hearing is regarded as a waiver of the right to dismiss the appeal on that ground. Bixler v. Parker, 3 Bush, 166; Bailey v. Louisville N. R. Co., 44 S.W. 105, 19 Ky. Law Rep. 1617; Welch v. National Cash Reg. Co., 103 Ky. 192, 44 S.W. 640; Kudelle v. Vizzard Inv. Co., 194 Ky. 607, 240 S.W. 54; McCormick v. Jones, 185 Ky. 106, 214 S.W. 881.
In Nickell v. Citizens' Bank of Kuttawa, 109 Ky. 641. 60 S.W. 408, 22 Ky. Law Rep. 1257, it was said:
 "In this case the appeal was granted in the lower court. The appellants did not file the transcript within the time required by the Code, and thereupon they had the clerk of this court to grant the appeal. Without any motion to dismiss the first appeal, the case was submitted for final hearing, and while thus pending this motion to dismiss the appeal granted in the court below was made. Under the rule stated in the Bixler case (3 Bush, 166), had no appeal been granted by the clerk of this court, the appeal could not be dismissed, because the right to dismiss had been waived by submitting the case for final hearing. . . . *Page 114 
 "It was just as essential that the motion should be made to dismiss after the clerk had granted the appeal as it would have been had no appeal been granted here. We are of the opinion that the appellee waived its right to have the appeal dismissed which was granted by the court below because the motion was not made until after the case was submitted for final hearing. The rule announced in the Bixler case applies with equal force to a case like this."
The application of the rule of waiver, as announced in the Bixler case, to an independent appeal that was not prosecuted or submitted, but actually abandoned, was thus assumed by the court without examination of the reasons upon which the rule rested. If the reason for a rule of law is absent, the rule itself is not applied. Russell v. Doyle, 84 Ky. 386,1 S.W. 604, 8 Ky. Law Rep. 366; Com. v. Ellis, 9 S.W. 221, 10 Ky. Law Rep. 341; 11 Corpus Juris, p. 224; 1 Ky. Jud. Dictionary, 478.
A consideration of the reasons underlying the decisions on the question of waiver leads us to the conclusion that they do not apply to an independent appeal that was abandoned. Waiver of the right to have an appeal dismissed because the transcript was not filed in time is implied from the failure to assert the right before final submission of the particular appeal that is submitted. Two reasons impel the court to make and maintain that rule. One is that the court should be relieved of the burden of useless labor involved in deciding a case that ought to be dismissed summarily on motion seasonably submitted. Welch v. National Cash Reg. Co., 103 Ky. 192, 44 S.W. 640, 19 Ky. Law Rep. 1857. The other is that the appellant may be saved the possible loss of his right to take a new appeal within the time allowed, if his first one is dismissed. Bailey v. Louisville 
N. R. Co., 44 S.W. 105, 19 Ky. Law Rep. 1617.
The court cannot be expected to raise such questions on its own motion. If the weapon is not invoked by the appellee, it will not be applied by the court, but will be regarded as waived with the same effect as if ground for it never existed.
None of the reasons suggested apply to a motion to dismiss an independent and separate appeal that is not submitted to the court. No possible ground is suggested why failure to enter the motion to dismiss an appeal *Page 115 
granted by the lower court, which has not been perfected, can be regarded as waived because a separate and distinct appeal has been perfected, submitted, or decided. Action on the one appeal does not affect action on the other. It does not increase or diminish the labors of the court, and it is not then possible to mislead a party, or cause the loss of any right to take another appeal within the fixed period of limitation. Reed v. City of Louisville, 61 S.W. 11, 22 Ky. Law Rep. 1636; Louisville N. R. Co. v. Lucas' Adm'r, 120 Ky. 359,86 S.W. 682, 27 Ky. Law Rep. 769; Fuson v. Lambdin, 64 S.W. 448, 23 Ky. Law Rep. 840; City of Louisville v. Muldoon, 43 S.W. 867, 19 Ky. Law Rep. 1386.
For these reasons the application of the rule of waiver as indicated in the case of Nickell v. Citizens' Bank of Kuttawa,109 Ky. 641, 60 S.W. 408, 22 Ky. Law Rep. 1257, to an abandoned appeal, will not be followed, or that case regarded as authority on the question, and, to the extent indicated, it is overruled.
It is immaterial whether the appeal properly granted by the lower court be regarded as lapsed or abandoned when it is not prosecuted by filing the transcript here. It may be dismissed at any time upon motion in accordance with the settled practice, as was pursued in this case. Louisville N. R. Co. v. Lucas' Adm'r, supra; Calvert v. Wilder, 180 Ky. 97,201 S.W. 449.
Orderly procedure requires that the appeal be dismissed or supersedeas vacated by order of this court and duly entered of record in the lower court in order that the appellee may have his remedies on the bond, or otherwise to enforce the judgment.
Since the first appeal in this case was properly granted by the lower court and the judgment duly superseded by the appellant before the time fixed for filing the transcript in this court, and the transcript was never filed on that appeal, it follows that the appellee was entitled to have it dismissed, with damages. We have entered an order accordingly.
Whole court, except Judge Dietzman, sitting. *Page 116