CASE 25—MOTION—FEBRUARY 15.

# Welch v. National Cash Register Co.

APPEAL FROM MADISON CIRCUIT COURT.

1. PRACTICE IN COURT OF APPEALS—FAILURE TO MAKE MOTION TO
   DISMISS.—If an appellee in this court desires the appeal dismissed,
   it is his duty to make such motion within a reasonable time after
   he is entitled to do so, and if he fails so to do he will be held to
   have elected to waive that privilege.

T. J. COYLE FOR APPELLANT.

W. S. MOBERLY FOR APPELLEE.

.JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears that the judgment in this case was rendered
the 18th of September, 1895, and the transcript filed in the
office of the clerk of this court July 15, 1896, and no sum-
mons issued. No brief for appellee was filed. On the 20th
of January, 1898, the judgment appealed from was re-
versed. On February 11, 1898, the appellee moved to set
aside and vacate the opinion and judgment rendered herein,
and moved the court to enter an order that no mandate
issue on said opinion.

The contention of appellee is that as no appeal was granted
by the clerk of this court, and that the transcript not hav-
ing been filed as provided by section 738 of the Code of
Practice that the judgment and opinion rendered in this case
is null and void. In other words that this court had no
jurisdiction to hear and determine the appeal. The ques-
tion involved in the motion has, perhaps, never been express-
ly decided by this court in any written opinion, but it has

Welch v. National Cash Register Co.

been the practice in this court to hear and determine such appeals, unless the appellee moved to have the same dismissed.  Section 738 of the Civil Code reads as follows:

"The appellant shall file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of said court next after the granting of the appeal, unless the court extend the time, as for cause shown the court may do."

Section 739 requires a statement to be filed showing the names of the appellants and the names of the appellees, or the words unknown appellees if their names be unknown, and the term or day the judgment appealed from was rendered, and the page of the record on which it may be found, and whether or not the appellant wishes to have summons issued, or warning order made, and if any for whom, and to what county summons shall be issued, etc.  Section 740 reads as follows:

"No appeal shall be docketed by the clerk until the appellant complies with the provisions of section 739, and if he fail to file the transcript within the time allowed by section 738 or by the court pursuant thereto, his appeal shall be dismissed."

It will be seen from the foregoing section that the clerk is prohibited from docketing any case until the appellant complies with the provisions of section 739; but he is not prohibited from docketing an appeal although it may not have been filed pursuant to section 738, but it is provided that the appeal shall be dismissed.  But the section, *supra*, does not require the court to dismiss or disregard the transcript upon its own motion, and it seems to us that if the in-

[ 13 ]

tention of the Legislature was to preclude the court from hearing and determining an appeal after the expiration of the time allowed by section 738, that it would have either prohibited the clerk from docketing such appeal or else made it mandatory upon the court to dismiss same. It is well settled that the dismissal of such an appeal does not bar the right of the appellant to obtain an appeal from the clerk of this court within two years from the rendition of the judgment. (See City of Bowling Green v. Elrod, 14 Bush, 217.)

It seems from the opinion in the case, *supra*, that this court recognized the law to be that an appeal would not be dismissed on account of the failure of appellant to file the transcript within the time required by law, except on motion of appellee. It seems clear to us that when an appeal is granted by the court rendering the judgment pursuant to section 734 of the Code that such an appeal is in law pending in the Court of Appeals until it is dismissed by order of the court or otherwise disposed of. If after the expiration of the time mentioned in section 738, the appeal was an absolute nullity, or in other words dead, as seems to be contended for by appellee, then there would be nothing in this court to dismiss, and it would be useless to dismiss a thing which had no existence in law or in fact. The very fact that this court is authorized to dismiss the appeal conclusively settles that the appeal is pending, and in our opinion the law merely gives to the appellee a right to obtain a dismissal of that appeal, which he may do in proper time by motion. It will not do to say that appellee has the right to assume that there is no appeal pending simply because the

transcript has not been filed within the time prescribed. The records of the court will at all times show whether or not the appeal has been filed, and he can as readily ascertain whether the transcript has been filed as he can ascertain whether or not there has been an extension of time for filing same.

If the contention of appellee is sustained, it would be incumbent upon the court upon the calling or after the submission of a case like the one at bar to ascertain first when the appeal was granted by the lower court, and then how many terms of this court had intervened after the granting of the appeal, and finally ascertain from its own records whether there had been one or more extensions of time for the filing of the transcript; and if upon this investigation it was discovered that the transcript had not been filed in time, and that there had been no extension, then it would be the duty of the court to dismiss the appeal.

We do not think the law requires any such action upon the part of this court. If the appellee desires the appeal to be dismissed, it is his duty to make such motion within a reasonable time after he is entitled to have the relief desired, and if he fails to do so, he should be held to have elected to have waived that privilege.

It is sometimes proper for the court, on defendant's motion, to dismiss an action on account of the failure of plaintiff to prosecute same, but that is a privilege that the defendant may or may not exercise at his election; but it would be hardly contended that if he neglected to enter that

motion until after the submission or trial that he could them avail himself of such right or privilege.

For the reasons given the motion is overruled.

Thirty days additional time is given appellee to file petition for rehearing.