## HOPKINS COUNTY BOARD OF EDUCATION v. HOPKINS COUNTY et al.

Court of Appeals of Kentucky.
Aug. 20, 1951.

As Modified on Denial of Rehearing
Nov. 2, 1951.

Maubert R. Mills and Maurice K. Gordon, Madisonville, for appellants.

Hubert Meredith and David Brodie, Owensboro, Lawrence T. Gordon, Madisonville, for appellees.

CLAY, Commissioner.

This declaratory judgment action was brought by the Board of Education of Hopkins County to determine the validity of a merger between it and the Madisonville Board of Education, an independent school district. Appellees' pleadings denied certain allegations of the petition and affirmatively asserted that the attempted merger was arbitrary, capricious, discriminatory, and detrimental to the general welfare of the educational school system in the county. The Chancellor adjudged the merger invalid, illegal and ineffective.

On this appeal, granted to the plaintiffs in the Court below, the intervening petitioners have filed in this Court an "Answer requesting dismissal of the appeal," and have filed a motion to be allowed to take proof on the allegations of this "Answer," which were denied in a reply filed by appellants. In substance it is alleged that the old Board of Education of Hopkins County, existing prior to the merger, authorized the appeal, and that it could not act for the new Board. It is, therefore, argued that no appeal was properly taken.

Assuming the allegations of the "Answer," which we will treat as a motion to dismiss, are true and that such a motion may be made under Section 757 of the Civil Code of Practice, there are several reasons why it must be overruled. In the first place, the appeal was submitted on June 25, 1951 and the motion was not filed until August 10. It is settled that such motion must be made prior to the submission of the case or the objection is waived. See Bailey v. Louisville & N. R. Co., 44 S.W. 105, 19 Ky.Law Rep. 1617; Welch v. National Cash Register Co., 103 Ky. 192, 44 S.W. 640; and Standard Oil Co. v. Commonwealth, 80 S.W. 1150, 26 Ky.Law Rep. 142. In the second place, the grounds for dismissal under Section 757 of the Civil Code of Practice are that the appeal was improperly granted or the appellants' rights to prosecute it further have ceased. Neither one of these grounds is alleged or otherwise shown. In the third place, no question is raised concerning the right of the merged Board of Education to bring this suit in the first instance. The authority given appellants' attorneys to prosecute this lawsuit would ordinarily include carrying it through to a final determination in this Court. Therefore it was not necessary that special authority, by resolution or otherwise, need have been given appellants' attorneys to prosecute this appeal.

The question presented is one of great public interest and in our opinion the sole issue and the proper parties are now before this Court. Appellees' request for a dismissal of this appeal is overruled. The motion to set aside the order reversing, entered on August 20, 1951, is overruled, and the motion to prescribe the method of taking proof is overruled.

As we see it, the only question we have before us is whether or not the merger of the Madisonville Board of Education and the Hopkins County Board of Education was valid. KRS 160.041 provides the meth-

744

od of initiating and carrying out such a merger. It is not contended by appellees that the two Boards did not comply with the terms of this statute.

No proof was taken in the case. In the petition appellants alleged many reasons why this merger seemed expedient. Appellees' answers deny on information and belief most of those allegations. Appellants by amended petition filed copies of the proceedings of the two Boards relating to the merger. They show that the problem was carefully considered, and apparently valid reasons existed for taking this step. The minutes of those meetings are not attacked. Appellees' formal denial of the contents of public records, based simply on information and belief, does not raise an issue. See Englert v. Weitlauf, 227 Ky. 195, 12 S.W. 2d 315.

The statute, KRS 160.041, does not specify any grounds which must be established to lawfully effectuate a merger. For that reason also appellees' denials of appellants' allegations concerning the reasons for the merger do not militate against its validity.

We need consider then, on the pleadings, only appellees' allegations appearing in their answers to the effect that the actions of the two merging Boards were capricious, arbitrary, discriminatory, illegal and improper. These bald allegations are but legal conclusions. In support of them appellees allege that the actions taken were without the knowledge and contrary to the wishes of the citizens of Hopkins County. This may appear lamentable, but the boards of education are vested with the control and management of schools, not the general citizenry.

The next allegation is that many school students will be greatly inconvenienced because of a proposed consolidation of high schools. As we read the record, no actual plans for a change in the school system have been put into effect, and even if so, the inconvenience to certain students as opposed to the welfare of others and the school system as a whole is a matter that addresses itself to the Board's reasonable judgment. It is further to be noted that the conditions of consolidation

require the merged Board to follow the recommendations of the State Department of Education, which presumptively would not be arbitrary or discriminatory, and that the merger does not irrevocably effectuate a change in the school system.

The allegation is made that the merger would discriminate against county school children, but it is obvious that the merger itself could not accomplish such an objective.

In our opinion appellees' pleadings failed to assert sufficient facts to establish the invalidity of the merger.

The judgment, which we find erroneous, was entered on the pleadings. The effect of our decision is the same as if general demurrers to appellees' answers and intervening petition were sustained. They may wish to plead further, and if so, this should be permitted. If they decline to do so, a judgment confirming the validity of the merger should be entered. Such judgment would not foreclose appellees or other interested parties from calling in question by another suit any illegal or arbitrary action of the merged Board.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.